## In Re Anonymous No. 28 D.B. 78

Disciplinary Board Docket No. 28 D.B. 78.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania

HELWIG, Member, February 14, 1984—Pursuant to Rule 218(c)(5) of the Pennsylvania Rules of Disciplinary Enforcement, The Disciplinary Board of the Supreme Court of Pennsylvania (board) here-

with submits its findings and recommendations with respect to the captioned matter.

I. Before the board is a review of the report and recommendation of hearing committee [ ] concerning petitioner's request for reinstatement.

II. In its report, the hearing committee determined for reasons set forth at length that petitioner had demonstrated that he had rehabilitated himself, that he had maintained and strengthened his professional competency and learning in the law, and concluded that his readmission to the bar will be neither detrimental to the integrity and standing of the bar or the administration of justice nor subversive of the public interest.

III. No exception was filed by Disciplinary Counsel to the findings, conclusions and recommendations of the hearing committee.

IV. A member of the board has reviewed the report of the hearing committee, has examined the transcript of the proceedings before the committee, the exhibits which were received in evidence, and other documents of record in this proceeding, and after such review recommended that the board adopt and approve the hearing committee's recommendation for petitioner's reinstatement. The board unanimously concurred in this recommendation.

V. In support of this recommendation, the board approves and adopts the findings, conclusions and recommendations contained in the hearing committee Report and notes particularly the following:

a. Petitioner, age 78, engaged in the private practice of law for fifty-one years prior to his five year suspension in 1978.

b. Petitioner has expressed remorse for the evidence which led to his suspension. He has reviewed

his past professional conduct and reflected extensively on the consequences to himself and others. During his suspension from the practice of law, he taught at [ . ] Academy for four years and engaged in other community activities. He also pursued a wide range of activities to maintain his legal competency and to update his professional skills.

c. Petitioner has adequately demonstrated that he acknowledges his past misconduct, that he rehabilitated himself morally, and has maintained and strengthened his professional competency and learning in the law.

VI. For the reasons set forth above, the Disciplinary Board recommends that [Petitioner] be reinstated to the practice of law in the Commonwealth of Pennsylvania. The board also recommends that the Supreme Court direct that all necessary expenses incurred by the board in the investigation and processing of the petition for reinstatement be borne by and paid for by petitioner. A statement of such expenses is appended to this report.

Messrs. Krawitz, McDonald and McGinley did not participate in the adjudication.

## ORDER

NIX, *C.J.*, And now, this March 15, 1984, the recommendation of the Disciplinary Board dated February 14, 1984, is accepted, and the Petition for Reinstatement is granted.

Pursuant to Rule 218(e), Pa.R.D.E., petitioner is directed to pay the expenses incurred by the board in the investigation and processing of the petition for reinstatement.